Joseph TAYLOR et al., Plaintiffs-Appellants,

v.

The Honorable Preston SMITH, Governor of the State of Texas, The Honorable Crawford Martin, Attorney General of the State of Texas, et al., Defendants-Appellees.

No. 71-2171
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1972.

Rehearing Denied Feb. 14, 1972.

Rehearing En Banc Denied April 28, 1972.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The appellee's motion to dismiss the appeal is denied. The judgment appealed from is affirmed. See Rule 21.[1]

ON PETITION FOR REHEARING EN BANC

PER CURIAM:

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

Andrew THOMPSON, Jr., Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71-2675.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1972.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

The judgment appealed from is affirmed.[1a] See Local Rule 21.[2]

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.

1a. In these habeas proceedings, the appellant has challenged the validity of his conviction on grounds that his confession should not have been admitted in evidence because he was not fully advised of his right to counsel, nor did he validly waive his right to counsel prior to giving the incriminating statement. He also contended that the warrant for his arrest was invalid because it was based on statements made by his allegedly common law wife, which he claims were privileged communications.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.